08-5417-ag
Fall v. Holder

BIA
Sichel, IJ
A098 420 409

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of December, two thousand nine.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> REENA RAGGI,
> > *Circuit Judges*.

——————————————————————————

AHMED BECHIR FALL,
> *Petitioner*,

> v.                                                  08-5417-ag
>                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
> *Respondent*.

——————————————————————————

FOR PETITIONER:        Ronald S. Salomon, New York, N.Y.

——————————————

[*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT: Tony West, Assistant Attorney General, Civil Division; Thomas B. Fatouros, Senior Litigation Counsel; Anh-Thu P. Mai-Windle, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ahmed Bechir Fall, a native and citizen of Mauritania, seeks review of an October 9, 2008 order of the BIA, affirming the June 14, 2007 decision of Immigration Judge ("IJ") Helen Sichel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ahmed Bechir Fall*, No. A098 420 409 (B.I.A. Oct. 9, 2008), *aff'g* No. A098 420 409 (Immig. Ct. N.Y. City June 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I. Asylum, Withholding of Removal, and CAT Relief

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). In addition to her adverse credibility determination, the IJ pretermitted Fall's asylum application as untimely and indicated that she would deny that application as a matter of discretion based on Fall's conduct in this country. The BIA declined to reach these latter findings, affirming the IJ's decision to the extent she found Fall not credible. Accordingly, we review only Fall's challenge to that credibility determination.

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110

(2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. The agency properly relied on multiple inconsistencies regarding the length of time Fall claimed to have been detained in December 2000. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000). In his asylum application, Fall stated that he had been detained for one week in December 2000, during which time he was beaten, fed only a small amount of food, and "mistreated with electricity." However, during his merits hearing, Fall testified several[1] times that he had been detained for two weeks. Although "minor" and "isolated" inconsistencies regarding the amount of time an applicant spends in detention need not be fatal to his credibility, *id.* at 287, the IJ reasonably deemed consequential Fall's inconsistent statements about this central aspect of his claim. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006). Moreover, no reasonable fact-finder would have been compelled to accept Fall's explanation that this inconsistency was a simple mistake. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005). As the BIA noted, during his hearing, Fall doubled the length of his alleged detention.

The agency also reasonably relied on the discrepancy between Fall's claim that he was an active participant in the Action for Change political party for several years and his inability to accurately recall the names of party leaders. Such inability undermined his claim, which was based entirely on his political opinion. *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). Moreover, no reasonable fact-finder would be compelled to credit Fall's explanation that his lack of knowledge stemmed from his "low level" involvement in the organization and his lack of education. *See Majidi*, 430 F.3d at 80-81.

Ultimately, substantial evidence supports the agency's adverse credibility determination. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). Thus, the agency's denial of Fall's application for asylum, withholding of removal, and CAT relief was proper. *See Paul v. Gonzales*, 444 F.3d 148,

---

[1]The BIA's opinion states that Fall testified to two weeks of detention "twice." JA 3. The IJ's oral decision states that Fall testified to two weeks of detention "at least twice." JA 55. In fact, the record reveals that Fall so testified on four occasions. JA 92, 93, 94, 125.

156 (2d Cir. 2006) (recognizing that withholding of removal necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d at 523.

## II. Motion to Remand

We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. *Id.* at 156. The movant's failure to submit previously unavailable material evidence or to establish a *prima facie* case for the underlying substantive relief sought are proper grounds on which the BIA may deny such a motion. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

In this case, the BIA reasonably found that Fall failed to demonstrate that changed country conditions in Mauritania would affect his claim for relief. Indeed, Fall offered no explanation as to how the events detailed in the material he submitted would establish his eligibility for relief, particularly given the agency's adverse credibility determination. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *see also Abudu*, 485 U.S. at 104-05. Accordingly, the BIA did not abuse its discretion in denying Fall's motion to remand.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

-4-